IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA<br>(Rural Development)<br><br>Plaintiff<br><br>v.<br><br>JOHN DOE AND RICHARD ROE as those unknown persons who may be the holders of the lost mortgage note or have any interest in this proceeding,<br><br>Defendants | CIVIL NO. 07-1404(SEC)<br><br>ACTION FOR CANCELLATION OF A LOST NOTE (**PEDRO ALEJANDRO OYOLA VIOLETA VELAZQUEZ**) |

## JUDGMENT BY DEFAULT

Upon plaintiff's motion for judgment, and it appearing to the Court that the defendants were duly served by publication pursuant to order of this Court and notice published in the newspaper during the day of September 19, 26 and October 3, 10, 17 and 24, 2007 as per verified statement filed with the Clerk of this Court and pursuant to Rule 4 of the Rules of Civil Procedure of Puerto Rico, as required by Article 82 of the Mortgage Law (30 L.P.R.A. 156) and 28 U.S.C. §1655, wherein the defendants were ordered to appear and answer the Complaint and it appearing to the Court that none of the defendants has appeared or answered the Complaint, after due deliberation and consideration, the Court makes the following:

**FINDINGS OF FACTS**

1. That on or before July 11, 1986, PEDRO ALEJANDRO OYOLA, VIOLETA VELAZQUEZ, received from the United States of America, acting through the Rural Development, a loan in the amount of $38,700.00 on the property described at paragraph 3 below.

USA v. John Doe & Richard Roe
Civil 07-1404(SEC)
Page 2

2. That in evidence of the money lent by the plaintiff, United States of America, PEDRO ALEJANDRO OYOLA, VIOLETA VELAZQUEZ, executed in favor of the pl aintiff a promissory note dated July 11, 1986 in the amount of $38,700.00 at 9.50% interest rate, payable to Rural Development.

3. That to secure the payment of said promissory note, PEDRO ALEJANDRO OYOLA, VIOLETA VELAZQUEZ executed a First Mortgage in favor of the plaintiff, United States of America, on July 11, 1986 by First Mortgage Deed No. 13 before Notary Public Virgen E. Rivera Torres, over the following described property:

> URBANA: Solar número veinticuatro (24), Bloque "C", según Plano de Inscripcion del proyecto denominado Urbanización Jardines de Ceiba Norte, radicado en el Barrio Ceiba Norte del término municipal de Juncos, Puerto Rico.
>
> Dicho solar tiene un área superficial de trescientos setenta y dos punto treinta y siete (372.37) metros cuadrados, colindando por el Norte con la calle número uno (1) en una distancia de veintiuno punto cincuenta (21.50) metros; por el Sur con el solar "C" - veintitres (23) en una distancia de veinticinco (25.00) metros; por el Este con la calle número cuatro (4) en una distancia de once punto cincuenta (11.50) metros; por el Oeste con el solar "C" - uno (1) en una distancia de quince (15) metros.
>
> Contiene una residencia de una solar planta construída de concreto y bloques para una sola familia la cual mide veintitres pies dos pulgadas (23'2") de frente por treinta y siete pies con once pulgadas (37'11") de fondo, teniendo tres habitaciones dormitorios, sala, comedor, cocina, un servicio sanitario, balcón, laundry y marquesina, la cual mide diez pies con seis pulgadas (10'6") de frente por veinticinco pies con seis pulgadas (25'6") de fondo.

This property is recorded at folio number 226 book number 241 of Juncos, Puerto Rico, property number 9,390.

4. That the aforementioned First Mortgage Deed executed in favor of the plaintiff was duly recorded in the Registry of Property of Caguas II at page 226, volume 241 of Juncos, property number 9390, 2nd inscription, where said mortgage appears in full force and effect.

5. That according to information received from the Rural Development, the promissory note of $38,700.00 dated July 11, 1986 described in paragraph 4 above, while in possession of and under the custody of said agency, were apparently lost, misplaced or destroyed and although a thorough search has been made, it has been unable to find or locate said note.

6. That indebtedness assumed by PEDRO ALEJANDRO OYOLA, VIOLETA VELAZQUEZ the plaintiff, United States of America, has been paid in full.

## CONCLUSIONS OF LAW

Articles 132 and 134 of the Mortgage Law of 1979 as amended (30 LPRA 2436 and 2458) provides that when a mortgage note has been lost, the mortgage may be canceled by the Registrar of the Property only by judicial decree obtained by a court of competent jurisdiction in a civil proceeding such as authorized by the Code of Civil Procedure of Puerto Rico, in which the court decrees that the mortgage obligation is extinguished.

**WHEREFORE, IT IS ORDERED**

(1) That judgement be entered against the defendants herein declaring that the aforementioned mortgage obligation is extinguished.

USA v. John Doe & Richard Roe
Civil 07-1404(SEC)
Page 4

(2) That the promissory note in the amount of $38,700.00 of principal with interest at the rate of 9.50% per annum, on the unpaid balance executed by PEDRO ALEJANDRO OYOLA, VIOLETA VELAZQUEZ on July 11, 1986, in the possession of whomsoever it may now be or become in the future, is hereby declared null and void, and therefore canceled.

(3) That the Registrar of Property of Caguas II, Puerto Rico, cancel and nullify the real estate voluntary mortgage executed by PEDRO ALEJANDRO OYOLA, VIOLETA VELAZQUEZ, to secure the payment of the promissory notes above described and referred to in paragraphs   and   of the Complaint, constituted by the terms of Voluntary Mortgage Deed No. 13 executed before Notary Public Virgen E. Rivera Torres on July 11, 1986, and which was recorded in the Registry of Property of Caguas II, Puerto Rico, at page 226 volume 241 of Juncos, Puerto Rico, property number 9390.

In San Juan, Puerto Rico, this 29 day of NOVEMBER 2007.

UNITED STATES DISTRICT COURT

